Faye MINOR, f/k/a Faye Canseco, on behalf of herself and persons similarly situated, Plaintiff,

v.

LAKEVIEW HOSPITAL, Defendant.

No. 75–C–358.

United States District Court, E. D. Wisconsin.

Oct. 18, 1976.

James C. McNeely, Milwaukee, Wis., for plaintiff.

William J. Haese and David A. Grant, Milwaukee, Wis., for defendant.

## MEMORANDUM AND ORDER

WARREN, District Judge.

There are presently pending before this Court two motions both brought on behalf of the defendant. The first motion requests a dismissal of the action brought pursuant to 42 U.S.C. § 2000e and the second seeks a dismissal of all claims for back wages under 42 U.S.C. § 1981.

This suit is brought to redress grievances for alleged discriminatory employment practices and for discriminatory termination of employment. After consideration of the briefs by both parties the Court has determined that the action brought under 42 U.S.C. § 2000e must be dismissed but that the claim for back wages is recoverable under 42 U.S.C. § 1981.

The factual setting for the motion to dismiss the claim under 42 U.S.C. § 2000e is as follows. The plaintiff timely filed a written charge complaining of racial discrimination with the Equal Employment Opportunity Commission. While this matter was before the Commission, the plaintiff retained counsel to assist her in further prosecuting her claim of discrimination. Her attorney sent notice to the Commission that he had been retained and requested that "all future correspondence to my client be served upon me directly at my office or that copies of each be mailed to me." On March 10, 1975 the attorney requested that the Commission issue a "Notice of Right to Sue." That notice was issued and dated March 21, 1975. A copy was sent to the attorney and the cover letter indicates that a copy was also sent to the plaintiff directly. The attorney received the notice on March 26, 1975. This action was begun on June 25, 1975, 91 days after the notice was received. The complaint itself alleges that: "On March 26, 1975, plaintiff received a 'Notice of Right to Sue' from the Milwaukee District Office of E.E.O.C."

The 90-day limitation contained in 42 U.S.C. § 2000e–5(f) is jurisdictional. *Harris v. National Tea Co.*, 454 F.2d 307 (7th Cir. 1971). The Court cannot extend that period. *Archuleta v. Duffy's Inc.*, 471 F.2d 33 (10th Cir. 1973).

The plaintiff argues that the only notice sent was mailed to the attorney and not to the plaintiff and that therefore the 90-day limitation has never begun to run. The Court is convinced, however, that once the plaintiff retained counsel to act on her behalf and the attorney requested that the notice be sent to him, the plaintiff became bound by the notice sent to the attorney.

Notice to the attorney was notice to her. To hold differently would allow claimants to completely repeal the limitations set by Congress.

Having failed to commence the suit within the 90-day period, the plaintiff has lost that action and it must be dismissed.

■ The second motion relates to the statute of limitations applicable to 42 U.S.C. § 1981. Ordinarily the most appropriate statute provided by state law would govern this action since there is no federal statute of limitations for a cause of action under § 1981. *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975).

The defendant argues that as to the claim for back wages the applicable Wisconsin statute is 893.21(5). That statute states:

893.21 Within 2 years

Within 2 years: . . .

(5) Any action to recover unpaid salary, wages or other compensation for personal services, except fees for professional services.

The plaintiff however argues that Wis. Stat. 893.19(4) is most appropriate:

893.19 Within 6 years

Within 6 years: . . .

(4) An action upon a liability created by statute when a different limitation is not prescribed by law.

The Wisconsin Supreme Court has held that § 893.19(4) is the appropriate statute of limitations for actions arising under the Wisconsin Fair Employment Practices Act, Wis.Stat. §§ 111.31 to .37. *Yanta v. Montgomery Ward & Co., Inc.*, 66 Wis.2d 53, 224 N.W.2d 389 (1974). The *Yanta* court, however, drew a distinction between those cases claiming damages for discrimination during the period when the plaintiff actually rendered services and the period after discharge. The former period being governed by § 893.21(5), the two year limitation, and the later being governed by the 6 year limitation of § 893.19(4).

■ The Court elects not to follow the theory of barring separate types of damages under a single cause of action. The cause of action here is one under § 1981 and the most appropriate state statute, § 893.-19(4), does not bar that cause of action.

The Supreme Court has recently stated:

Although state law is our primary guide in this area, it is not, to be sure, our exclusive guide. As the Court noted in *Auto Workers v. Hoosier Corp.*, 383 U.S., at 706–707, 86 S.Ct. [1107, 16 L.Ed.2d 192] considerations of state law may be displaced where their application would be inconsistent with the federal policy underlying the cause of action under consideration. *Johnson v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975).

■ The policy behind 42 U.S.C. § 1981 is to eliminate the alleged discriminatory practices by placing the plaintiff in the economic position he or she would have been in had there been no discrimination. *See, Waters v. Wisconsin Steel Works of International Harvester Co.*, 502 F.2d 1309 (7th Cir. 1974); *Johnson v. Goodyear Tire & Rubber Co.*, 491 F.2d 1364 (5th Cir. 1974). In this manner the plaintiff is made whole again. In order to accomplish the objectives of the statute the Court is allowed to award back wages in appropriate circumstances. To bifurcate the damages based on the state statute of limitations would frustrate that federal policy.

For the reasons stated above the defendant's motion to dismiss the cause of action under 42 U.S.C. § 2000e is hereby GRANTED and the defendant's motion to dismiss the claims for back wages is DENIED.

So ordered this 18th day of October, 1976 at Milwaukee, Wisconsin.