**Manuel VAZQUEZ, Plaintiff,**

v.

**WERNER CONTINENTAL, INC., Defendant.**

**No. 76 C 2927.**

United States District Court, N. D. Illinois, E. D.

April 8, 1977.

Wayne B. Giampietro, Chicago, Ill., for plaintiff.

Jeffrey L. Madoff, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

CROWLEY, District Judge.

Before the Court is the motion of defendant to dismiss this action for lack of jurisdiction. A hearing was held on March 4, 1977 regarding some of the jurisdictional issues raised by the defendant.

Plaintiff complains of alleged discriminatory actions, based upon his national origin, taken by Werner Continental, Inc., his former employer, which culminated in his discharge on April 11, 1975. Vazquez asserts two grounds upon which this Court should grant relief: 1) violation of 42 U.S.C. § 1981; and 2) violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Defendant argues that the claim of Vazquez based upon § 1981 should be dismissed since plaintiff alleges discrimination based upon national origin. In both his charge to the Fair Employment Practices Commission of the State of Illinois (FEPC) and his charge to the Equal Employment Opportunity Commission (EEOC) Vazquez claims discrimination based upon his national origin, Mexico. Again in his complaint, it is clear that plaintiff charges defendant with discrimination based on his national origin.

Title 42 U.S.C. § 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

Title 42 U.S.C. § 1981 has been interpreted to "afford a federal remedy against discrimination in private employment on the basis of race." *Johnson v. Railway Express Agency*, 421 U.S. 454, 459, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975). This interpretation, however, has not encompassed discrimination based solely on national origin without an accompanying charge of racial discrimination. *Jones v. Mayer Co.*, 392 U.S. 409, 413, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1967). In *Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976) the Supreme Court noted the identical legislative history of both sections 1981 and 1982 and inferred that both sections were intended by Congress to reach the same type of discriminatory actions. The Seventh Circuit has adopted a similar approach. *Waters v. Wisconsin Steel Works of International Harvester Co.*, 427 F.2d 476 (7th Cir. 1970).

The purely racial character of the rights being protected by § 1981 was forcefully emphasized in *McDonald v. Santa Fe Transp. Co.*, 427 U.S. 273, 96 S.Ct. 2574, 49 L.Ed.2d 493 (1976). As Judge Bauer stated when presented with a similar question nearly four years earlier in *Abshire v. Chicago and Eastern Illinois Railroad Co.*, 352 F.Supp. 601 (N.D.Ill.1972):

> The clear purpose of § 1981 is to provide for equality between persons of different races. In order for a plaintiff to predicate an action on this section, he must have been deprived of a right, which, under similar circumstances, would have been accorded to a person of a different race. The applicability of this section is clearly limited to racial discrimination. It does not pertain to discrimination on the grounds of religion, national origin or sex. (citations omitted). 352 F.Supp. at 605.

██ Thus plaintiff's complaint insofar as it seeks relief based upon 42 U.S.C. § 1981 fails to state a claim upon which relief can be granted.

Plaintiff asserts that he is entitled to relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Defendant contends that Vazquez did not timely file with the EEOC after receipt of his notice of dismissal from the FEPC. Title 42 U.S.C. § 2000e–5(e) provides in pertinent part:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a state or local agency . . . such charge shall be filed . . . within three hundred days after the alleged unlawful employment practice occurred, *or within thirty days after receiving notice that the State or local agency has terminated the proceedings under State or local law, whichever is earlier,* . . . (emphasis added.)

Vazquez was discharged from Werner Continental, Inc. on April 11, 1975 and filed a charge with the Illinois FEPC on April 30, 1975. The FEPC subsequently dismissed that charge for lack of substantial evidence and notified the parties by certified mail.[1] Defendant argues that Vazquez received notice of the FEPC dismissal on November 18, 1975 and that since he did not file a charge with the EEOC until January 14, 1976, or beyond the thirty-day statutory period, this Court is without jurisdiction under Title VII of the Civil Rights Act of 1964. Plaintiff contends that he did not receive the notice of dismissal from the

---

1. The file of the FEPC has been lost or misplaced by that agency. Therefore, the original receipts for delivery of certified mail are not available to the Court.

FEPC until December 27, 1975 and that his charge to the EEOC was, therefore, timely.

■ The statutory period of time for filing a complaint with the EEOC pursuant to 42 U.S.C. § 2000e–5(e) is a jurisdictional prerequisite to any subsequent court action. *Choate v. Caterpillar Tractor Co.*, 402 F.2d 357 (7th Cir. 1968); *Gordon v. Baker Protective Services, Inc.*, 358 F.Supp. 867 (N.D. Ill.1973).

Since the issue of the receipt of notice was one which could be resolved in an evidentiary hearing, without reaching the merits, this Court on its own motion ordered such a hearing.

At the hearing defendant called as a witness the postman who delivered the certified letter. He described his unvarying procedure in delivering certified mail. That procedure included having the addressee sign both the receipt for certified mail and the notice of non-delivery of mail which the postman uses as a control device. The notice was dated November 18, 1975 and bears what appears to be the plaintiff's signature.

■ After review of the testimony and exhibits presented at the hearing concerning the receipt of notification, this Court finds that plaintiff received the notice of dismissal from the FEPC on November 18, 1975. Plaintiff's charge to the EEOC, therefore, was not made within the mandatory thirty day period. Thus, plaintiff's complaint insofar as it prays for relief based upon violation of Title VII of the Civil Rights Act of 1964, is dismissed.

Accordingly, it is hereby ordered that the defendant's motion to dismiss is granted.