**John MEYETT, Plaintiff,**

v.

**Jacqueline COLEMAN and the State of Wisconsin Department of Industry Labor & Human Relations, Defendants.**

No. 83–C–957.

United States District Court,
W.D. Wisconsin.

Jan. 23, 1985.

Jeff Scott Olson, Madison, Wis., for plaintiff.

David C. Rice, Asst. Atty. Gen., Madison, Wis., for defendants.

ORDER

CRABB, Chief Judge.

Defendants have moved for dismissal of plaintiff's cause of action based on 42 U.S.C. § 1983 and for the striking of plaintiff's jury demand. Defendants ground both motions upon their contention that Title VII provides an exclusive remedy for sex discrimination in employment and does not permit the bringing of a separate action for the same sex discrimination premised on a violation of the Fourteenth Amendment guarantee of equal protection of the laws.

The question whether Title VII excludes other remedies is one the United States Supreme Court has not answered. The Court has held that 42 U.S.C. § 1985(3) cannot be used as a remedy for a violation of Title VII, *Great America Savings & Loan v. Novotny*, 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979), and that a federal employee cannot use 42 U.S.C. § 1981 as a remedy for a violation of either Title VII or of the United States Constitution. *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976).

Defendants contend that the holding in these cases presages a holding that Title VII provides the exclusive remedy for discrimination in employment precluding the use of § 1983. They argue that Congress would not have intended to allow state and local government employees to evade the comprehensive remedial scheme set forth in Title VII by pleading under 42 U.S.C. § 1983 and they point to the apparent unfairness in allowing governmental employees but not private employees the right to a jury trial and the opportunity to seek punitive damages.

Although defendants' position is not without merit, I am persuaded against it by the analysis of the Court of Appeals for the

Sixth Circuit in *Day v. Wayne County Board of Auditors*, 749 F.2d 1199 (6th Cir.1984). There the court concluded that Title VII provides an exclusive remedy when the only ground for the § 1983 cause of action is a violation of Title VII, but does not preclude an action brought to enforce rights guaranteed by the Constitution. In *Day*, the plaintiff was a white male who was found to have been demoted by a governmental agency in retaliation for having filed charges with the Equal Employment Opportunities Commission. The court held that he had no remedy other than Title VII because his claim had no basis in any pre-existing statute or provision of the Constitution.

In reaching its conclusion, the court of appeals began with the proposition that § 1983 is a remedial statute, which creates no substantive rights, but provides a remedy for actions under color of state law that contravene federally protected rights derived from the Constitution or from federal statutes. Congress has the authority to repeal § 1983 by providing an exclusive remedy elsewhere, but the fact that a statute contains a comprehensive remedial scheme does not mean that it was Congress' intent to rule out additional remedies under § 1983. "The crucial consideration is what Congress intended." *Smith v. Robinson*, — U.S. —, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984).

■ The legislative history of Title VII reveals a Congressional intention to make Title VII the exclusive remedy for *violation of its terms*, without affecting an employee's right to bring a suit under § 1983 for violations of pre-existing rights.

In establishing the applicability of Title VII to state and local employees, the Committee wishes to emphasize that the individual's right to file a civil action in his own behalf, pursuant to the civil Rights Acts of 1870 and 1871, 42 U.S.C. §§ 1981 *and 1983, is in no way affected* .... Title VII was envisioned as an independent statutory authority meant to provide an aggrieved individual with an *additional* remedy to redress employment discrimination.... [T]he bill, therefore, by extending jurisdiction to state and local government employees does not affect the existing rights that such individuals have already been granted by previous legislation.

.    .    .    .    .

Legislation to implement this aspect of the Fourteenth Amendment is long overdue, and the Committee believes that an appropriate remedy has been fashioned in the bill. Inclusion of state and local employees among those enjoying the protection of Title VII provides an *alternate* administrative remedy to the existing prohibition against *discrimination perpetuated "under color of state law" as embodied in the Civil Rights Act of 1871, 42 U.S.C. § 1983.*

H.R.Rep. No. 92–238, 92d Cong., 2d Sess. U.S.Code Cong. & Adm.News 1972, 2137, 2154.[1]

■ In the instant case, plaintiff is seeking to enforce rights guaranteed him under both Title VII and the Fourteenth Amendment of the United States Constitution. *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (holding that due process clause of Fifth Amend-

---

1. In *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), the court emphasized the absence of any indication of congressional intent to make § 717 of the Civil Rights Act a supplement to existing remedies.

> [T]he holding in *Johnson* [*v. Railway Express Agency*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975) ] rested upon the explicit legislative history of the 1964 Act which "'manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and feder-

al statutes.'" 421 U.S., at 459 [95 S.Ct., at 1719], quoting *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 48 [94 S.Ct. 1011, 1019–20, 39 L.Ed.2d 147] (1974). Congress made clear "'that the remedies available to the individual under Title VII are co-extensive with the indiv[i]dual's right to sue under the provisions of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and that the two procedures augment each other and are not mutually exclusive.'" 421 U.S., at 459 [95 S.Ct., at 1719], quoting H.R.Rep. No. 92–238, p. 19 (1971).

*Id.* at 833–834, 96 S.Ct. at 1968.

ment prohibits employment discrimination on basis of sex); (Fifth Amendment provisions are applicable to states under Fourteenth Amendment.) Following the reasoning in *Day v. Wayne County Board of Auditors*, 749 F.2d 1199 (6th Cir.1984), I conclude that plaintiff should be free to pursue his remedies under both Title VII and § 1983. As to his cause of action under § 1983, plaintiff is entitled to try his claim to a jury. Therefore, defendants' motion to dismiss the § 1983 cause of action and to strike plaintiff's jury demand are DENIED.