**Rose SALDIVAR, Plaintiff,**

v.

**Mateo CADENA, Defendant.**

No. 84–C–685.

United States District Court,
W.D. Wisconsin.

Nov. 27, 1985.

Kathleen A. Wagner, Madison, Wis., for plaintiff.

Maureen McGlynn, Asst. Atty. Gen., Madison, Wis., for defendant.

## OPINION AND ORDER

CRABB, Chief Judge.

This is a civil action in which plaintiff seeks to obtain monetary, equitable, and injunctive relief based on alleged discriminatory actions violative of 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986, and the Wisconsin Constitution. This court has jurisdiction under 28 U.S.C. § 1343(3). The case is before the court on defendant's motion to dismiss plaintiff's amended complaint or portions of certain causes of action and to strike certain references from plaintiff's amended complaint.

Taking the allegations of the complaint as true, and for the sole purpose of deciding this motion, I find the following facts.

## FACTS

Plaintiff is a physically handicapped Hispanic woman. She has been an employee of the State of Wisconsin Department of Industry, Labor, and Human Relations since 1972. At all times relevant to this

action defendant Cadena has been director of the Bureau of Migrant Services within the Department of Industry, Labor, and Human Relations.

From 1978 until October 1980, plaintiff was employed as a Job Service Specialist IV in the Bureau of Migrant Services. During this period, defendant was plaintiff's immediate supervisor. Defendant subjected plaintiff to continual harassment in the form of abusive comments about plaintiff's sex, race, and handicap, and mimicked her handicapped condition. Defendant spread rumors about the sex lives of women who worked at the Bureau of Migrant Services, telling women that if they wanted to keep their jobs they would have to accede to his sexual advances. These abuses interfered unreasonably with plaintiff's work performance and created an intimidating, hostile, and offensive work environment for plaintiff.

In 1978, plaintiff participated in activities opposing discriminatory policies of the Department of Industry, Labor, and Human Relations. Plaintiff's activities included attendance at meetings and public demonstrations, letter writing, and fundraising. A number of employees who were discharged subsequently brought suit against the department and eventually entered into a consent degree which included a prohibition against the department for retaliating against "individuals who participated on behalf" of the discharged employees. During this period of time, plaintiff associated with individuals such as Cathy Ramsfield and Alcario Samudio, who were among the most active of these demonstrators. Defendant knew of plaintiff's activities and warned plaintiff that her job was endangered by her association with the persons protesting the bureau's actions. He also attempted to drive her from her job by subjecting her to unwarranted supervisory actions because of her associations and her activities in support of these people. Defendant acted in violation of the consent decree entered into by the department and the discharged employees.

From October, 1980 to the present, plaintiff has been employed in the Job Services Division, Bureau of Employment Programs, as a Job Service Specialist IV, working as an alien interstate clearance coordinator. In December, 1983, defendant interviewed plaintiff for a position in the Bureau of Migrant Services, but he did not select plaintiff for the job, which would have been a promotion for her, although she was more qualified than the man who was hired.

Defendant's failure to promote plaintiff as well as his verbal abuse of plaintiff, in conspiracy with and with the knowledge of unknown and unnamed others was in retaliation for plaintiff's advocacy of equal protection for members of the Brown race, female sex, and handicapped class, because of plaintiff's association with and public support for the individuals protesting discrimination by the Department of Industry, Labor, and Human Relations and because defendant intended to discriminate against plaintiff because of her sex. Through neglect, the Department of Industry, Labor, and Human Relations permitted defendant's illegal actions to occur.

OPINION

Defendant has moved to dismiss plaintiff's amended complaint, in whole or in part, on five grounds: (1) all claims which arose more than three years prior to the filing of the initial complaint are barred by the statute of limitations; (2) this court lacks jurisdiction to hear the pendent state claims because plaintiff has failed to plead compliance with the notice of claim requirements of Wis.Stat. § 893.82; (3) the second through eighth causes of action in the amended complaint fail to state a claim upon which relief can be granted under 42 U.S.C. §§ 1981, 1983, 1985(3) and 1986; (4) plaintiff does not have standing to assert a claim based on the consent decree and defendant is not bound by the consent decree; and (5) relief in the forms of promotion and pay differential is not obtainable from defendant. Also, defendant has moved to withdraw his request for a jury trial and to

strike plaintiff's request for a jury trial as untimely and has moved to strike from paragraph 55 of the amended complaint all references to lawsuits brought by Gustavo Seminario and Ana Maria Schiltz, which have been settled by agreement.

### 1. Statute of Limitations

Defendant contends that the three year limitation in Wis.Stat. § 893.54 precludes plaintiff from bringing claims that arose more than three years prior to the filing of her original complaint. A limitations defense may be raised and acted upon on a motion to dismiss the complaint where the allegations of the complaint are definite enough to permit consideration of a statute of limitations defense. *Zielke v. Wausau Memorial Hospital,* 529 F.Supp. 571, 574 (W.D.Wis.1982). In this case, the amended complaint alleges that defendant Cadena became director of the Bureau of Migrant Services in the "summer" of 1978, that all acts allegedly undertaken by Cadena occurred while he was director of the Bureau of Migrant Services, that plaintiff Saldivar was harassed by defendant from "1978 until October, 1980," and that defendant interviewed plaintiff for a position in December 1983 and denied plaintiff the position. Plaintiff's complaint was filed on August 27, 1984. Considered in the context of the complaint as a whole, these allegations are sufficiently definite to permit consideration of a statute of limitations defense.

Plaintiff has alleged violations of §§ 1981, 1983, 1985(3), and 1986 of Title 42 of the United States Code. In deciding the statute of limitations defense raised by defendant, I must determine the limitations statute applicable to each section.

### a. Statute of Limitations in Actions Brought Pursuant to 42 U.S.C. § 1983

About the time plaintiff filed her amended complaint, the United States Supreme Court decided *Wilson v. Garcia,* — U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), a case which the Court used as a vehicle to attempt to settle the confusion over application of state statutes of limitations to federal actions brought pursuant to § 1983. Because § 1983 does not contain its own limitations period, federal courts are directed to apply the state statute of limitations governing the most analogous cause of action if the state statute "is not inconsistent with the Constitution and laws of the United States." 42 U.S.C. § 1988. *See Board of Regents v. Tomanio,* 446 U.S. 478, 483–86, 100 S.Ct. 1790, 1794–96, 64 L.Ed.2d 440 (1980). Some courts had read this directive as requiring independent inquiry focusing on the precise nature of the claim asserted under § 1983, *see, e.g., Ammlung v. Chester,* 494 F.2d 811, 814 (3d Cir.1974) (applying Pennsylvania's one year statute of limitations for wrongful death and false arrest and two year statute for trespass), while others had held that all § 1983 cases should be governed by state residual or general statutes of limitations, that is, statutes of limitations applicable to all statutory causes of action that do not contain their own statute of limitations. *See, e.g., Beard v. Robinson,* 563 F.2d 331, 338 (7th Cir.1977), *cert. denied,* 438 U.S. 907, 98 S.Ct. 3125, 57 L.Ed.2d 1149 (1978) (holding that state's general statute of limitations applied to all statutory suits brought under any of the Civil Rights Acts). *See* Anno., 45 ALR Fed. 548 (1979).

In *Garcia,* the Court noted that "the legislative purpose to create an effective remedy for the enforcement of federal civil rights is obstructed by uncertainty in the applicable statute of limitations," 105 S.Ct. at 1947, and held that a "simple, broad characterization of all § 1983 claims best fits the statute's remedial purpose." *Id.* at 1945. The Court concluded that for the purpose of determining the applicable state statute of limitations, all § 1983 actions should be characterized as actions to recover for injuries to the rights of a person.

> The Constitution's command is that all *"persons"* shall be accorded the full privileges of citizenship; no *person* shall be deprived of life, liberty, or property without due process of law or be denied the equal protection of the laws. *A viola-*

*tion of that command is an injury to the individual rights of the person.*

*Garcia,* 105 S.Ct. at 1948. (Emphasis added to last sentence.) The Court added that, "Had the 42d Congress expressly focused on the issue decided today, we believe it would have characterized § 1983 as conferring a general remedy for injuries to personal rights." *Id.*

New Mexico, the state in which *Garcia* was brought, has a three year statute of limitations for actions "for an injury to the person or reputation of any person." *Garcia,* 105 S.Ct. at 1941. The Court held this statute applicable to § 1983 actions brought in New Mexico. *Id.* at 1949.

In Wisconsin, the choice of the most analogous statute of limitations is complicated by the fact that Wisconsin has two statutes applicable to actions based on personal injury. Wis.Stat. § 893.53 (1983–84) provides a six year period for the bringing of suits for injuries to "character or rights":

> An action to recover damages for an injury to the character or rights of another, not arising on contract, shall be commenced within 6 years after the cause of action accrues, except where a different period is expressly prescribed, or be barred.

Wis.Stat. § 893.54(1) provides a three year statute of limitations for "injuries to the person."

> The following actions shall be commenced within 3 years or be barred: (1) an action to recover damages for injuries to the person.

■ When it considered *Garcia,* the Court of Appeals for the Tenth Circuit based its decision to apply the New Mexico statute of limitations by ascertaining first that every claim enforceable under § 1983 is "an action for injury to personal rights." *Garcia v. Wilson,* 731 F.2d 640, 651 (10th

Cir.1984), *aff'd,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). This reasoning is in accord with a plain reading of § 1983, which is captioned, "Civil action for deprivation of rights," and which creates liability for the "deprivation of any rights, privileges, or immunities ..." of any citizen of the United States or person within the jurisdiction of the United States. Although there is language in the Supreme Court's opinion referring to "personal injuries," *see, e.g., Garcia,* 105 S.Ct. at 1947, 1948, 1949, a fair reading of the decision suggests that where there is a choice between a statute governing bodily injury actions and one governing actions involving injuries to personal rights, the latter should prevail.[1] The Wisconsin statute governing actions to recover damages for an injury to "character or rights" is more closely analogous to the spirit of § 1983 than is the statute governing personal injury actions, and under *Garcia,* it is the appropriate statute of limitations to apply in § 1983 actions.

Additionally, policy and legislative history considerations dictate application of § 893.53. Section 1983 is a remedial statute, the "central objective" of which "is to ensure that individuals whose federal Constitutional or statutory rights are abridged may recover damages or secure injunctive relief." *Burnett v. Grattan,* 468 U.S. 42, 104 S.Ct. 2924, 2932, 82 L.Ed.2d 36 (1984). Representative Shellabarger, the sponsor of the 1871 Act, declared,

> This act is remedial, and in aid of the preservation of human liberty and human rights. All statutes and constitutional provisions authorizing such statutes are liberally and beneficently construed. It would be most strange and, in civilized law, monstrous were this not the rule of interpretation. As has been again and again decided by your own

---

1. On the same day the Court of Appeals for the Tenth Circuit filed its opinion in *Garcia v. Wilson,* 731 F.2d 640 (1984), it also issued opinions adopting statutes of limitations for § 1983 actions brought in Kansas, Colorado, and Utah. In *Hamilton v. City of Overland Park,* 730 F.2d 613 (10th Cir.1984), *cert. den.* —— U.S. ——, 105

S.Ct. 2111, 85 L.Ed.2d 476 (1985), the court of appeals held that the appropriate statute of limitations in Kansas was the two year statute governing actions "for injuries to the rights of another." *See Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 1941, n. 10, 85 L.Ed.2d 254 (1985).

Supreme Court of the United States, and everywhere else where there is wise judicial interpretation, the largest latitude consistent with the words employed is uniformly given in construing such statutes and constitutional provisions as are meant to protect and defend and give remedies for their wrongs to all the people.

Cong.Globe, 42d Cong., 1st Sess., App. 68 (1871), quoted in *Briscoe v. LaHue*, 460 U.S. 325, 348–49, 103 S.Ct. 1108, 1122–23, 75 L.Ed.2d 96 (1983) (Marshall, J., dissenting).

Because remedial statutes are to be broadly construed, and because the legislative intent behind § 1983 was to give the greatest latitude when construing remedial provisions, it is consistent with the policies of § 1983 to select the statute of limitations that has the longer limitation period.

I note that, in a recent decision, the Wisconsin court of appeals held that § 1983 actions brought in Wisconsin courts are governed by Wis.Stat. § 893.54, the three year statute of limitations. *Hanson v. Madison Service Corp.*, 125 Wis.2d 138, 370 N.W.2d 586 (Ct.App.1985). Although this decision by a Wisconsin court on a question relating to the application of Wisconsin laws deserves deference, I do not find it persuasive. The Wisconsin court seems to have read the Supreme Court's holding in *Garcia* as simply directing adoption of Wisconsin's three year statute of limitations applicable to personal injuries, without discussing the apparent overlap in coverage between Wis.Stat. § 893.54 and § 893.53 and without attempting to determine which of the two statutes was more closely analogous to the spirit of § 1983.

Even if I were to decide that the three year period of § 893.54 is the appropriate statute of limitations in § 1983 actions,

plaintiff would not be barred from proceeding with her § 1983 claims in this case. I do not read *Garcia* as having retroactive application to cases in which the new rule would shorten the limitations period previously established. *See Jackson v. City of Bloomfield*, 731 F.2d 652, 654–55 (10th Cir. 1984) (holding that the new rule adopted by the Court of Appeals for the Tenth Circuit in *Garcia* would not be applied retroactively because the decision overruled clear past precedent on which the parties may have relied, because prospective application would not retard the operation of the new rule, and because retroactive application would impose substantial inequity in the case before the court), cited in *Wilson v. Garcia*, 105 S.Ct. at 1942, n. 10. Before the Supreme Court decided *Garcia*, the statute of limitations applied to § 1983 claims in Wisconsin was the six year period prescribed in Wis.Stat. § 893.93(1)(a), which governs "an action upon a liability created by statute where a different limitation is not prescribed by law." *See Reese v. Milwaukee County Sheriff Department*, 505 F.Supp. 88, 89 (E.D.Wis.1980). *See also Beard v. Robinson*, 563 F.2d at 338. *But see Hanson v. Madison Service Corp.*, 125 Wis.2d at 140–41, 370 N.W.2d 586 (holding that newly-recognized statute of limitations applies to all pending cases).

■ Plaintiff's complaint was filed on August 27, 1984. Her § 1983 claims have been filed in a timely manner, that is, within six years of accrual of her causes of action.[2] The applicable Wisconsin statute of limitations, Wis.Stat. § 893.53, does not prevent plaintiff from proceeding on her § 1983 claims.

b. *Statute of Limitations in Actions Brought Pursuant to 42 U.S.C. §§ 1981 and 1985*

As with § 1983, no federal statutes of limitations exist for §§ 1981 or 1985.[3] The

---

**2.** Although federal courts apply state statutes of limitations in § 1983 actions, federal law governs the determination of the accrual of a cause of action. *See Kurzawa v. Mueller,* 545 F.Supp. 1254, 1259 (E.D.Mich.1982). Under federal law, a § 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the actions. *Sandutch v. Muroski,* 684 F.2d 252, 254 (3d Cir.1982); *Lavallee v. Listi,* 611 F.2d 1129, 1130 (5th Cir.1980); *Cox v. Stanton,* 529 F.2d 47, 50 (4th Cir.1975). Plain-

tiff alleges that defendant Cadena's acts of harassment took place after his appointment as director of the Bureau of Migrant Services in the summer of 1978. Only those actions that occurred before August 27, 1978 would be barred by the statute of limitations.

**3.** 42 U.S.C. § 1981 provides that:

All persons within the jurisdiction of the United States shall have the same right in every State

policies articulated in *Garcia* suggest that the Wisconsin statute of limitations governing the most analogous cause of action should apply to all claims arising under these two statutes. Just as with § 1983 cases, "[f]ew areas of the law stand in greater need of firmly defined, easily applied rules than does the subject of periods of limitations" applicable to civil rights actions, *Garcia*, 105 S.Ct. at 1942, quoting *Chardon v. Fumero Soto*, 462 U.S. 650, 667, 103 S.Ct. 2611, 2621, 77 L.Ed.2d 74 (1983) (Rehnquist, J., dissenting). In *Garcia*, the Court placed emphasis on the "federal interests in uniformity, certainty, and the minimization of unnecessary litigation," in adopting one state statute of limitations applicable to all § 1983 actions. *Garcia*, 105 S.Ct. 1947. The same considerations apply with respect to § 1981 and § 1985 actions.

■ Section 1981 derives from the Civil Rights Act of April 9, 1866. Its purpose was to protect "citizens of the United States in the enjoyment of certain rights, without discrimination on account of race, color, or previous condition of servitude...." *United States v. Cruikshank*, 2 Otto 542, 555, 92 U.S. 542, 555, 23 L.Ed. 588 (1875). In light of the similarities of purpose betwen § 1981 and § 1983, it would seem to follow that the most analogous statute of limitations for § 1981 is the same statute applicable to § 1983 actions. *Accord, Movement for Opportunity and Equality v. General Motors Corp.*, 622 F.2d 1235, 1243 (7th Cir.1980); *Beard v. Robinson*, 563 F.2d 331.

■ Defendant makes the argument that the proper statute of limitations for § 1981 claims is the Wisconsin statute of limitations for employment discrimination under the Wisconsin Fair Employment Act. In support of his argument defendant cites decisions of the United States District Court for the Eastern District of Wisconsin, *Tucker v. Harley Davidson Motor Co.*, 454 F.Supp. 738, 741 (E.D.Wis.1978); *Minor v. Lakeview Hospital*, 421 F.Supp. 485, 487 (E.D.Wis.1976). *See also Movement for Opportunity*, 622 F.2d 1235 (applying a two year tort statute of limitations, but noting that a newly-enacted state statute applicable to employment related actions would apply to future § 1981 actions.) However, these cases were decided before *Garcia* and before the Supreme Court held in *Burnett v. Grattan* that a statute of limitations for state administrative remedies for employment discrimination was inappropriate for § 1981 claims because of the many differences between administrative remedies and federal court cases. *Burnett*, 104 S.Ct. at 2930–31, 2933. Moreover, § 1981 actions are not limited to claims of employment discrimination. *See, e.g., Tillman v. Wheaton-Haven Recrea-*

and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, license, and exactions of every kind, and to no other.
42 U.S.C. § 1985(3) provides that:

(3) If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice-President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

*tion Ass'n,* 517 F.2d 1141 (4th Cir.1975) (claim against a swimming pool association that discriminated against blacks who applied for membership); *Brazier v. Cherry,* 293 F.2d 401 (5th Cir.1961), *cert. denied,* 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961) (wrongful death to a prisoner in custody of police); *Vietnamese Fishermen's Ass'n v. Knights of Ku Klux Klan,* 518 F.Supp. 993 (S.D.Tex.1981) (Ku Klux Klan interfering with Vietnamese fishermen's private contracts).

█ Although many § 1981 claims could be analogized to actions arising as breaches of contracts, torts, or employment discrimination, the underlying and unifying premise of § 1981 dictates that the statute of limitations to be applied in Wisconsin is the statute of limitations that addresses an injury to civil rights, Wis.Stat. § 893.53.[4]

█ For similar reasons, the same statute of limitations would be the most appropriate for actions brought pursuant to § 1985, which, like § 1983, was enacted as part of the Civil Rights Act of 1871. The purpose of § 1985 is

> "the prevention of deprivations which shall attack the equality of rights of American citizens; that any violation of the right, the *animus* and effect of which is to strike down the citizen, to the end that he may not enjoy equality of rights as contrasted with his and other citizens' rights, shall be within the scope of the remedies of this section."

Cong. Globe, 42d Cong., 1st Sess., App. 478 (1871) (remarks of Representative Shellabarger).

Neither party argues that the statute of limitations should vary depending on the particular civil rights statute under which plaintiff is claiming relief. Defendant has pointed out that "there is no apparent reason in this case to suggest that a different statute of limitations might apply depending on the statutory label plaintiff has attached to her claims," and recommends that "a single state statute of limitations applies to actions under §§ 1981, 1983 or 1985." Defendant's Brief at 9. I agree that it is appropriate to apply the same statute of limitations to §§ 1981, 1893, and 1985, all of which have the same underlying purpose of providing a remedy for civil rights violations.

Therefore, I conclude that Wis.Stat. § 893.53, a six year statute of limitations, applies to plaintiff's §§ 1981 and 1985 claims, all of which accrued within the six years prior to plaintiff's filing of this lawsuit.

*c. Statute of Limitations in Actions Brought Pursuant to 42 U.S.C. § 1986*

█ Both plaintiff and defendant agree that 42 U.S.C. § 1986 is governed by its own statute of limitations requiring commencement of an action within one year of accrual of the cause of action. Thus, plaintiff's claims of harassment during the years 1978–1980 brought pursuant to § 1986 are barred by that statute's one year limitations period. Plaintiff's § 1986 claim of denial of a promotional opportunity in 1983 was filed within one year of its accrual and is not barred by the one year limitation in § 1986.

*2. Jurisdiction Over Pendent State Claims*

█ Plaintiff has asserted pendent state claims based on defendant's alleged

---

**4.** Despite the fact that Wis.Stat. § 893.53 provides a limitation to an action to recover for an injury to rights "not arising on contract," and § 1981 specifically embodies a remedy regarding contracts, I believe § 893.53 best addresses the underlying problem that § 1981 is intended to alleviate. Because like § 1983, § 1981 "can have no precise counterpart in state law ... it is 'the purest coincidence,' ... when state statutes or the common law provide for equivalent remedies; any analogies to those causes of action are bound to be imperfect." *Garcia,* 105 S.Ct. at

1945 (citations omitted). Section 893.53 may be an imperfect analogy, but it is most closely analogous to the intent of § 1981.

Moreover, as the court of appeals pointed out in *Movement for Opportunity and Equality v. General Motors Corp.,* 622 F.2d 1235, 1243 (7th Cir. 1980), "the 'essential nature of the [civil rights] claim is the interference with ... not the breach of a contractual obligation,'" quoting *Ingram v. Steven Robert Corp.,* 419 F.Supp. 461 (S.D.Ala. 1976), *aff'd* 547 F.2d 1260 (5th Cir.1977) (applying statute for injuries to the person).

violations of the Wisconsin Constitution. Defendant has moved to dismiss these claims for lack of jurisdiction. Defendant asserts that plaintiff has failed to comply with the provisions of Wisconsin's notice of claim statute, Wis.Stat. § 893.82 (1983–84). This statute provides, in part,

> (3) No civil action or civil proceeding may be brought against any state ... employe ... for or on account of any act growing out of or committed in the course of the discharge of the ... employe's ... duties, unless within 120 days of the event causing the injury ... giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim....

Where the plaintiff has failed to comply with this notice of claim statute, the court lacks jurisdiction to hear the claim. *Ibrahim v. Samore*, 118 Wis.2d 720, 726, 348 N.W.2d 554 (1984). Under Wisconsin law, the notice of claim requirement "imposes a condition precedent to the right to maintain an action." *Id.*, quoting *Nelson v. American Employers' Ins. Co.*, 262 Wis. 271, 276, 55 N.W.2d 13 (1952). Plaintiff does not deny defendant's assertion that she has failed to comply with § 893.82(3). Thus, this court lacks jurisdiction to hear plaintiff's state law claims.

### 3. Failure to State a Claim

Defendant has moved to dismiss plaintiff's claims arising under 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986 and set out in plaintiff's complaint in Claims Two through Eight, on the grounds that plaintiff has failed to state a claim upon which relief can be granted. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), directs that the plaintiff's pleadings are to be construed liberally, and are not to be dismissed unless it appears beyond doubt that there is no set of facts that plaintiff could prove to support her claim, but *Cohen v. Illinois Institute of Technology*, 581 F.2d 658, 663 (7th Cir.1978), *cert. denied*, 439 U.S. 1135, 99 S.Ct. 1058, 59 L.Ed.2d 97 (1979), advises the lower courts that some particularized facts demonstrating a constitutional deprivation are necessary to state a cause of action.

#### a. Second Cause Of Action

In this portion of her complaint, plaintiff alleges that defendant's refusal to promote her and his harassing actions toward her were in retaliation for her advocacy of equal protection for members of the Brown race in violation of 42 U.S.C. §§ 1981, 1983, 1985(3), and 1986.

■ 42 U.S.C. § 1981 affords a remedy for discrimination primarily "on the basis of race." *Johnson v. Railway Express Agency*, 421 U.S. 454, 459, 95 S.Ct. 1716, 1719, 44 L.Ed.2d 295 (1975). The statute does not apply to employment discrimination based on religion, national origin, or sex. *See Vasquez v. Werner Continental, Inc.*, 429 F.Supp. 513, 515 (N.D.Ill.1977), in which the district court held

> The clear purpose of § 1981 is to provide for equality between persons of different races. In order for a plaintiff to predicate an action on this section, he must have been deprived of a right, which, under similar circumstances, would have been accorded to a person of a different race. The applicability of this section is clearly limited to racial discrimination. It does not pertain to discrimnation on the grounds of religion, national origin or sex.

*Vasquez v. Werner*, 429 F.Supp. at 515, quoting *Abshire v. Chicago and Eastern Illinois Railroad Co.*, 352 F.Supp. 601 (N.D.Ill.1972). *See also Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); *Schetter v. Heim*, 300 F.Supp. 1070, 1073 (E.D.Wis.1969).

■ In her second cause of action, plaintiff does not allege that she was discriminated against because she is a member of the Brown race, but that she was retaliated against because of her "advocacy of equal protection for members of the Brown race." (Amended Complaint ¶ 37.) However liberally this claim is interpreted, it does not imply that defendant discriminated against plaintiff because she is a

member of the Brown race. Any person, regardless of race, may be an advocate for equal protection; retaliation for advocacy of equal protection does not give rise to a cause of action under § 1981, which ensures that persons of all races have the same right to "make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens...." I agree with defendant that plaintiff has failed to state a claim under § 1981.

As to her § 1983 claim, plaintiff must allege that defendant acted under color of state or local law, *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S.Ct. 1729, 1732, 56 L.Ed.2d 185 (1978), and that plaintiff was deprived of rights, privileges, or immunities secured by the Constitution and laws of the United States. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Greco v. Guss,* 775 F.2d 161, 164 (7th Cir.1985). Plaintiff has alleged that at all times relevant to this complaint defendant acted under color of state law. In her second cause of action she alleges that defendant retaliated against her because of her advocacy of equal protection for members of the Brown race. Although plaintiff's allegations are only minimally supported with factual allegations, she has stated a claim upon which relief can be granted.

With respect to her § 1985(3) claim, plaintiff must allege a conspiracy to deprive any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws, and that defendant did or caused acts to be done in furtherance of the conspiracy, where injury resulted to a person or property or deprived a person of any right or privilege of a citizen of the United States. *Griffin v. Breckenridge,* 403 U.S. 88, 102–103, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971).

In plaintiff's second cause of action, in which she alleges retaliation for her advocacy of equal protection for members of the Brown race, plaintiff fails even to mention conspiracy. Thus, she fails to state a claim under § 1985(3) in this cause of action.

Section 1986 is derivative of § 1985; it merely provides a remedy for misprision of a violation of § 1985. *Rodgers v. Lincoln Towing Service, Inc.,* 771 F.2d 194, 203 (7th Cir.1985); *Williams v. St. Joseph Hospital,* 629 F.2d 448, 452 (7th Cir.1980). Since plaintiff has failed to state a § 1985 claim in this cause of action, she has no claim under § 1986.

I conclude that in her second cause of action, plaintiff has stated a claim under 42 U.S.C. § 1983, and has failed to state a claim under 42 U.S.C. §§ 1981, 1985(3), or 1986.

### b. Third Cause Of Action

For her third cause of action, plaintiff alleges that defendant's refusal to promote her and his harassing actions were in retaliation for her advocacy of equal protection for persons of the female sex, that the actions constituted intentional and purposeful sex discrimination, and that the failure to promote was retaliation for her exercise of her rights of free speech and association and her refusal to submit to defendant's prior sexual harassment of her.[5]

---

5. My summary of plaintiff's allegations in each count is based on my best guess of what plaintiff has alleged or attempted to allege. Plaintiff's complaint would have been easier to parse if she had followed the dictates of Rule 10(b), Federal Rules of Civil Procedure:

    All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be re-

ferred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Her failure to present her claims in a clear and concise fashion made it very difficult to understand and to evaluate the merits of those claims.

■ Plaintiff does not specify the statutes under which she is suing in this cause of action. She has no claim pursuant to § 1981 because she has alleged no discrimination in this count based on race, and she has no claim under §§ 1985 and 1986 because she has not alleged facts that would support a claim of conspiracy. Vague allegations that defendant acted in concert with unnamed and unknown coconspirators fail to state a claim. However, plaintiff's allegations of harassment and retaliation based on her sex, her advocacy of equal treatment of females, and her rights of speech and association state a claim under § 1983.

■ Defendant argues that plaintiff's allegations of sexual harassment fail to state a claim under § 1983 because Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, provides an exclusive remedy for claims of sex discrimination. The Court of Appeals for the Seventh Circuit has rejected this argument, holding that the Fourteenth Amendment provides an independent basis to bring a discrimination claim. *Trigg v. Fort Wayne Community Schools*, 766 F.2d 299, 302 (7th Cir.1985). *See also Meyett v. Coleman*, 613 F.Supp. 39 (W.D.Wis.1985); *Storey v. Board of Regents*, 600 F.Supp. 838, 840 (W.D.Wis.1985).

#### c. Fourth Cause Of Action

In this part of her complaint, plaintiff alleges that defendant's harassing actions toward her were taken in retaliation for her advocacy of equal protection for members of the handicapped class, and that his actions violate 42 U.S.C. §§ 1983, 1985(3), and "1986 as incorporated from Title VII of the Civil Rights Act of 1964."

■ Plaintiff has no claim under §§ 1985(3) or 1986. She does not explain the meaning of her reference to "1986 as incorporated from Title VII of the Civil Rights Act" (and she has not alleged any claims arising specifically under Title VII), but since § 1986 requires a viable claim of conspiracy under 42 U.S.C. § 1985, and she has made none, I conclude she has no cause

of action under that section, however it is interpreted.

■ Defendant argues that plaintiff also fails to state a claim under § 1983. It is true that plaintiff has failed to allege that she has engaged in advocacy for the rights of handicapped so that she would be in a position to allege retaliation on that basis. However, it is possible to read her complaint as alleging that she was deprived of equal protection because of her own handicapped status. Such allegations would state a claim under § 1983. *Gurmankin v. Costanzo*, 556 F.2d 184 (3d Cir. 1977), further proceedings, 626 F.2d 1115 (3d Cir.1980), *cert. denied*, 450 U.S. 923, 101 S.Ct. 1375, 67 L.Ed.2d 352 (1981); *Nodleman v. Aero Mexico*, 528 F.Supp. 475, 492 (C.D.Cal.1981).

#### d. Fifth Cause Of Action

■ For her fifth cause of action, plaintiff alleges that defendant subjected her to sexual harassment from 1978 to 1980 in violation of her right to equal protection under the Fourteenth Amendment. These allegations are sufficient to state a claim under 42 U.S.C. § 1983.

#### e. Sixth Cause Of Action

■ Plaintiff alleges that defendant's actions in harassing and humiliating her were taken in concert with other unknown and unnamed coconspirators in violation of 42 U.S.C. § 1985(3). Asserting a conspiracy of unknown persons does not state a claim for relief unless it is supported by allegations of material facts. *Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir. 1982). Plaintiff asserts no material facts to support her claim of a conspiracy under § 1985. It is true that "[i]n many cases of conspiracy essential information can only be produced through discovery, and the parties should not be thrown out of court before being given an opportunity through that process to ascertain whether the linkage they think may exist actually does." *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir.1980), *quoting Lessman v. McCormick*, 591 F.2d 605, 611

(10th Cir.1979). However, in this case, discovery has been proceeding long enough for plaintiff to have learned of any facts that would support her allegations of conspiracy. In fact, plaintiff has filed an amended complaint. Therefore, I conclude that plaintiff has failed to state a claim under § 1985(3) upon which relief may be granted.

### f. Seventh Cause Of Action

Plaintiff alleges in this cause of action that defendant's actions violated 42 U.S.C. § 1986, "in that there was neglect to prevent conspiracy," on the part of the management of the Wisconsin Department of Industry, Labor, and Human Relations. As noted earlier, a claim of this kind may proceed only if plaintiff has alleged a claim of conspiracy actionable under 42 U.S.C. § 1985(3). Since plaintiff has not made out such a claim, her § 1986 claim fails.

### g. Eighth Cause Of Action

For this cause of action, plaintiff realleges all her previous claims against defendant and alleges that the actions were taken in violation of the consent decree entered into by the Department of Industry, Labor, and Human Relations (presumably, the consent decree settling the claims of the seven employees discharged from the Bureau of Migrant Services). Defendant argues that because neither plaintiff nor defendant was a party to the consent decree plaintiff has no standing to assert a claim based on that decree and defendant has no obligations under the decree. It is not necessary to determine the merits of either of these arguments, because challenges relating to a consent decree are not properly brought in a separate case. Proceedings to enforce a civil decree are tried as a part of the main cause.

> Though such proceedings are "nominally those of contempt," the real purpose of the court order is purely remedial—to coerce obedience to a decree passed in complainant's favor, or to compensate complainant for loss caused by respondent's disobedience of such a decree.

*Parker v. United States*, 153 F.2d 66, 70 (1st Cir.1946) (citation omitted). If plaintiff wishes to pursue her claim of violation of a consent decree, she must be do so as part of the case in which that decree was entered, assuming of course that she can show she has standing under the decree.

In any event, the point is a moot one, because plaintiff's allegations that defendant's acts violated the consent decree do not add anything to her claims that those same acts violated her rights under the United States Constitution.

### 4. Plaintiff's Claims for Relief

Defendant has moved for dismissal of plaintiff's claims for relief for promotion and back pay on the ground that only the State of Wisconsin can provide such relief, not defendant. The motion will be denied.

If defendant acted illegally in denying plaintiff a promotion, he may be held liable for the wage differential she requests. With respect to plaintiff's claim for relief in the form of the actual promotion, I cannot determine whether defendant is or is not able to provide such relief. This relief can be obtained only from the appointing authority of her agency. *See* Wis.Stat. §§ 230.03(4) and 230.06(1)(b). Whether defendant has such authority is a matter that will have to be determined at a later stage of these proceedings.

### 5. Jury Trial

Defendant has withdrawn his request for a jury trial and has moved to strike plaintiff's jury demand on the ground that plaintiff's demand is untimely. Rule 38(d), Federal Rules of Civil Procedure, provides that a demand for trial by jury may not be withdrawn without the consent of the parties. Since plaintiff has not consented to defendant's withdrawal of his request for jury trial, this case will be tried to a jury. *See Cram v. Sun Insurance Office, Ltd.*, 375 F.2d 670, 675 (4th Cir.1967).

*6. References to "Lawsuits"*

Defendant has moved to strike from plaintiff's amended complaint the reference to "lawsuits" in paragraph 55. This motion is moot because paragraph 55 is part of plaintiff's seventh cause of action, which will be dismissed for plaintiff's failure to state a claim upon which relief can be granted.

### ORDER

Accordingly, IT IS ORDERED that

1) defendant's motion to dismiss plaintiff's claims as barred by the statute of limitations is DENIED except with respect to the claims of harassment asserted under 42 U.S.C. § 1986 in plaintiff's second, third, fourth, and seventh causes of action;

2) defendant's motion to dismiss plaintiff's pendent state claims is GRANTED;

3) defendant's motion to dismiss plaintiff's claims under 42 U.S.C. § 1981 in her second and third causes of action is GRANTED;

4) defendant's motion to dismiss plaintiff's claims under 42 U.S.C. § 1983 in her second, third, fourth, and fifth causes of action is DENIED, except with respect to plaintiff's claim that defendant discriminated against her because of her advocacy of equal protection for handicapped persons;

5) defendant's motion to dismiss plaintiff's claims under 42 U.S.C. § 1985(3) in her second, third, fourth, and sixth causes of action is GRANTED;

6) defendant's motion to dismiss plaintiff's claims of defendant's failure to promote her brought under 42 U.S.C. § 1986 in her second, third, fourth, and seventh causes of action is GRANTED;

7) defendant's motion to dismiss plaintiff's eighth cause of action is GRANTED;

8) defendant's motion to withdraw his request for a jury trial is DENIED;

9) defendant's motion to dismiss plaintiff's claim for injunctive relief in the form of a promotion is DENIED; and

10) defendant's motion to dismiss plaintiff's claim for back pay is DENIED.