UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted April 26, 2005*
Decided April 29, 2005

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-3846

| | |
|---|---|
| DARRICK A. ALEXANDER, | Appeal from the United States |
| *Plaintiff-Appellant*, | District Court for the Western |
| | District of Wisconsin |
| *v.* | |
| | No. 03-C-0578-C |
| JAMES PERRENOUD, | |
| *Defendant-Appellee.* | Barbara B. Crabb, |
| | *Chief Judge.* |

## O R D E R

State prisoner Darrick Alexander brought suit under 42 U.S.C. §1983 claiming that James Perrenoud, a correctional officer at the Stanley Correctional Institution, acted with deliberate indifference when he backed a state van in which Alexander was a passenger into another vehicle.  The district court granted summary judgment to Perrenoud on the ground that an accidental collision cannot support a substantive due process claim.  We affirm.

---

*After examining the briefs and record, we conclude that oral argument is unnecessary.  Accordingly, this appeal is submitted on the briefs and record.  *See* Fed.R.App.P. 34(a)(2)

The facts in this case are undisputed. In August 2003 Perrenoud drove Alexander to the hospital in Madison, Wisconsin. On the way back to Stanley, Perrenoud was caught in an intersection while attempting to make a left turn. Instead of completing the turn on a red light, Perrenoud backed up and in so doing, collided with the car behind him. Perrenoud spoke to that car's driver, who agreed that exchanging insurance information was unnecessary since no damage or injury was evident. When they returned, Alexander complained that his back was injured in the accident, and Perrenoud completed an incident report.

Alexander complained about Perrenoud's "negligent" driving to the department of corrections. According to the internal report prepared in response to his complaint, Alexander had a long history of back problems, and the physician who evaluated him two weeks later reported "no change" in Alexander's condition. His complaint was ultimately dismissed on the ground that personal injury claims for money damages could not be redressed by the inmate complaint system, and his request for review was also denied.

Alexander then filed suit in the district court claiming that the impact from this collision caused him to suffer severe back pain, numbness in his neck, and migraine headaches due to the "negligent operation of a vehicle." The court initially screened the complaint under 28 U.S.C. §1915A, dismissing claims that it construed as arising under the fourth and eighth amendment (these rulings are not challenged on appeal), but allowing Alexander to proceed on his substantive due process claim—that Perrenoud deliberately backed the van into another car with the intent to injure him. The court also exercised supplemental jurisdiction over Alexander's state law tort claim. Subsequently the court granted Perrenoud's motion for summary judgment, finding that Alexander lacked evidence that Perrenoud acted with the intent to cause harm that is required to support a constitutional claim. The district court also dismissed his tort claim for lack of jurisdiction because he failed to file a notice of claim as required by Wis. Stat. § 893.82(3) for suits against state agents.

On appeal Alexander contends that the district court erred in dismissing his complaint on the ground that he failed to submit evidence that Perrenoud acted deliberately. According to Alexander, the court went beyond its duty to determine whether there was a genuine issue for trial, and invaded the province of the jury in ruling on Perrenoud's intent, an issue traditionally reserved for trial.

Conduct that violates the fourteenth amendment's guarantee of substantive due process must be so arbitrary that it "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998). Substantive due process is a

"most amorphous" doctrine that is a "difficult concept to pin down," *Tun v. Whitticker*, 398 F.3d 899, 901 (7th Cir. 2005), and requires a context- specific analysis. *Lewis*, 523 U.S. at 834. Where unforseen circumstances demand instant judgments—where police pursue an offender in a high-speed chase, for example—even deliberate indifference does not shock the conscience since decisions made in such circumstances are not deliberate. *Lewis*, 523 U.S. at 851-53; *see also Bublitz v. Cottey*, 327 F.3d 485, 491 (7th Cir. 2003). Where instant judgment is required, only deliberate actions intended to harm another shock the conscience. *Lewis*, 523 U.S. at 836; *Bublitz*, 327 F.3d at 491; *Hill v. Shobe*, 93 F.3d 418, 421 (7th Cir. 1996).

Perrenoud's actions here were not conscience-shocking because they were not deliberate. He faced unforseen circumstances that required a quick judgment about the best way to move the van away from oncoming traffic. He may have been negligent in backing into the other car, but there is no evidence he deliberately caused the accident. On appeal Alexander fails to show how the district court overlooked evidence that Perrenoud acted deliberately or otherwise erred in finding that he failed to present evidence of a substantive due process violation. We therefore agree with the district court that summary judgment was appropriate.

Alexander also contends on appeal that he was not required to give notice of his intent to sue a state agent because he sued Perrenoud in his personal capacity. But a claimant in any civil action against a state officer, employee, or agent "on account of any act growing out of or committed in the course of the discharge of the officer's . . . duties" is required to file written notice of suit within 120 days of the alleged injury. Wis. Stat. § 893.82(3); *see Riccitelli v. Broekhuizen,* 227 Wis. 2d 100, 116, (Wis. 1999); *Salvidar v. Cadena*, 622 F.Supp. 949, 959 (W.D. Wis. 1985). Perrenoud failed to comply with the statute by not providing the attorney general with notice of his suit, thus ignoring a requirement that is strictly enforced regardless of whether suit is brought against a defendant in his personal capacity. The district court therefore was also correct in dismissing Alexander's state law tort claim.

AFFIRMED.