James REESE, Plaintiff,

v.

MILWAUKEE COUNTY SHERIFF DE-
PARTMENT, and The City of Milwau-
kee Police Department, Defendants.

No. 80–C–781.

United States District Court,
E. D. Wisconsin.

Dec. 31, 1980.

Linda A. Leaf, Milwaukee, Wis., for plaintiff.

Gerald S. Paradowski, Asst. Corp. Counsel, Milwaukee, Wis., for Sheriff's Dept.

Rudolph M. Konrad, Asst. City Atty., Milwaukee, Wis., for Milwaukee Police Dept.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This is a civil rights action, arising under 42 U.S.C. § 1983, in which the plaintiff seeks damages for false arrest and use of excessive force. The complaint contains four causes of action against the city of Milwaukee police department and one cause of action against the Milwaukee county sheriff department; each of the five causes of action alleges a separate arrest, the first occurring in July 1977 and the last in May 1979. The matter is before me on motions of both defendants to dismiss, which will be denied.

Both defendants assert that they lack the capacity to be sued and therefore are not proper parties to the action. The defendants rely on a number of cases which hold that local police departments are not "persons" within the meaning of § 1983. The defendants contend that the action should be brought against their parent political subdivisions—Milwaukee county and the city of Milwaukee—which may be sued under state law.

This argument is unimpressive. In *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court overruled *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), and held that local governmental bodies could be

sued under § 1983. Since the cases relied upon by the county are all based on *Monroe* in holding that local police agencies are not "persons" under § 1983, it is clear that such cases are no longer persuasive on this issue. *See, e. g., United States ex rel. Lee v. Illinois*, 343 F.2d 120 (7th Cir. 1965). Indeed, *Monell* itself was a case against an agency of the city of New York.

 I find that the defendants are proper parties to this action. The complaint charges that the defendants' employees committed the acts complained of, not in their individual capacities, but pursuant to officially adopted policies and customs. The defendants have not cited any explicit state authority which bars an action against them, and my own research has not disclosed any such authority. For these reasons, I hold that this portion of the defendants' motion must be denied.

The city defendant also contends that the action should be dismissed because the court lacks subject matter jurisdiction and the complaint fails to state a claim. Neither of these contentions has merit. The complaint sets forth numerous, specific factual allegations of sufficient substance to confer subject matter jurisdiction on this court. *See Hagans v. Lavine*, 415 U.S. 528, 536–38, 94 S.Ct. 1372, 1379, 39 L.Ed.2d 577 (1974). Moreover, the complaint charges that the plaintiff was falsely arrested on five different occasions. I must accord these allegations all favorable inferences at this stage of the proceedings, and therefore I find sufficient pleading of a governmental policy or custom as required by *Monell*, 436 U.S. at 690–91, 98 S.Ct. at 2035–36.

The city defendant's final argument, that a two year statute of limitations applies to the plaintiff's action, must also be rejected. The statute of limitations applicable to § 1983 actions in this state is contained in § 893.93(1)(a), Wis. Stat., which governs "an action upon a liability created by statute when a different limitation is not prescribed by law." *Accord, Kuecey v. Powers*, 79 F.R.D. 151, 152 (E.D. Wis. 1978). *See also Beard v. Robinson*, 563 F.2d 331

(7th Cir. 1977). The statutory section applied to claims arising under § 1983 provides for a six year period. Accordingly, the plaintiff's action is not time-barred, and this portion of the city defendant's motion must also be denied.

Therefore, IT IS ORDERED that the motions of the defendants to dismiss the complaint and this action be and hereby are denied.